# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

U    7:13-cv-000240

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 2 4 2013

JULIA C. DUDLEY, CLERK
BY: _____
       DEPUTY CLERK

| United States District Court | Western District of Virginia, Roanoke Division |
|---|---|
| Name: **Donna Hockman** | Docket or Case No.: |
| Place of Confinement: **Fluvanna Correctional Center for Women** | Prisoner No.: **1406120** |
| Petitioner, **Donna Hockman** Respondent, **Phyllis Baskerville**  <br><br> v. | |
| **The Attorney General of the State of Virginia** | |

# PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **Rockingham County Circuit Court, Court Square, Harrisonburg, Virginia 22801**

   (b) Criminal docket or case number (if you know): **CR-39919, and CR-39920**

2. (a) Date of the judgment of conviction (if you know): **January 30, 2009**

   (b) Date of sentencing: **March 17, 2009**

3. Length of sentence: **Life without parole, plus 3 years for gun and 3 years probation**

4. In this case, were you convicted on more than one count or of more than one crime?
   Yes **X**    No ☐

5. Identify all crimes of which you were convicted and sentenced in this case:

   **First Degree Murder and Possession of a Firearm in the Commission of a Murder**

6. (a) What was your plea? (Check one)

   (1) Not guilty **X**    (3) Nolo contendere (no contest) ☐
   (2) Guilty ☐    (4) Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

   _____

   (c) If you went to trial, what kind of trial did you have? (Check one)
   Jury **X** Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?
   Yes **X** No ☐

8. Did you appeal from the judgment of conviction?
   Yes **X**  No ☐

9. If you did appeal, answer the following:
   (a) Name of court: **Court of Appeals**
   (b) Docket or case number (if you know): **Record No. 0833-09-3**
   (c) Result: **Denied**
   (d) Date of result (if you know): **October 22. 2009**
   (e) Citation to the case (if you know):
   (f) Grounds raised:

**1.) Sufficiency of Evidence**
**2.) Abuse of Discretion for not granting a Continuance**
**3.) Abuse of Discretion for allowing testimony into the trial regarding a conversation of a sexual nature that took place between the deceased and the petitioner which was overheard and testified to by Jeff Smith.**

(g) Did you seek further review by a higher state court? Yes **X** No

If yes, answer the following:
    (a) Name of court: **Virginia Supreme Court**
    (b) Docket or case number (if you know): **Record No. 0933-09-3**
    (c) Result: **Denied**
    (d) Date of result (if you know): **January 27, 2010**
    (e) Citation to the case (if you know):
    (f) Grounds raised:
    **1.) Sufficiency of Evidence**
    **2.) Abuse of Discretion for not Granting a Continuance**
    **3.) Abuse of Discretion for allowing testimony into the trial regarding a conversation of a sexual nature that took place between the deceased and the petitioner which was overheard and testified to by Jeff Smith.**

(g) Did you seek further review by a higher state court? Yes **X** No

(h) Did you file a petition for certiorari in the United States Supreme Court?
    Yes    No **X**

    If yes, answer the following:
    (1) Docket or case number (if you know): _____
    (2) Result: _____
    (3) Date of result (if you know): _____
    (4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?
    Yes **X**     No ☐

11.  If your answer to Question 10 was "Yes," give the following information:

    (a) Name of court: **Staunton Circuit Court**
    (b) Docket or case number (if you know):
    (c) Date of filing (if you know):
    (d) Nature of the proceeding: **Motion for Access to Grand Jury Transcripts**
    (e) Grounds Raised: **Petitioner raised grounds of reasons she should be granted access to review and take notes of the grand jury transcripts to assign errors in her state Habeas petition.**

(f) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐    No **X**

(g) Result: **On August 9, 2010 I was transported to the Staunton City Jail and was able to review the grand jury transcripts and take notes for 5 hours.**

(h) Date of result (if you know): **August 9, 2010**


(b) If you filed any second petition, application, or motion, give the same information:
  (1) Name of court: **United States Supreme Court**
  (2) Docket or case number (if you know):
  (3) Date of filing (if you know): **December 22, 2010**
  (4) Nature of the proceeding: **I motioned the court asking for an extension to file a writ of certiorari of my direct appeal.**
  (5) Grounds raised: **Permission to receive at least a 30 day extension to file a writ of Certiorari.**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐ No **X**

(7) Result: **Motion was not answered but after I filed the writ of certiorari, I received a letter from the clerk stating that my deadline had passed.**

(8) Date of result (if you know): **April 6, 2011**

(c) If you filed any third petition, application, or motion, give the same information:
  (1) Name of court: **Rockingham County Circuit Court**
  (2) Docket or case number (if you know):
  (3) Date of filing (if you know):
  (4) Nature of the proceeding: **I filed a motion for Extension and Leave to Exceed the Set Length for my state Habeas.**
  (5) Grounds raised: **I motioned the court asking to file my state Habeas later than the September 23, 2011 filing deadline and permission to exceed the set length of pages.**

(9) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐ No **X**
(10) Result: **The motion was denied by trial Judge James Lane**
(11) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

      (1) First petition:     Yes **X** No ☐
      (2) Second petition     Yes **X** No ☐
      (3) Third petition      Yes **X** No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not
**All of these motions were filed in the highest state court of the jurisdiction and therefore could not have been appealed to a higher court.**

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts and law</u> supporting each ground.

## JURY ERRORS

### 1. Juror Barb;

(a) Supporting facts and law (State the specific facts and law that support your claim.):

This juror stated on voir dire, "To be honest I would do my best to be fair" and "I think I could be fair." **(1/26/09 TT. Pg. 96 at 1)** She was not excused for cause, nor was a preemptory strike used. The court did not attempt to rehabilitate the prospective juror. If a juror is leaning one way or another she is biased and must be removed. By not removing this juror violated petitioner's 6th and 14th constitutional rights.

*Law: Hughes v. US 258 f. 3d 453; 2001; Scott v. Commonwealth 1 Va app 447, 451, 339 s.e. 2d 899, 901 (1986) Wright v. Commonwealth 73 Va 941, 943 (1879); Virginia Const. Article 1 Section 8*

(b) If you did not exhaust your state remedies on Ground _____**1**_____, explain why: **Exhausted**

(c) **Direct Appeal of Ground _____1_____:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐ No ☒

  (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

  (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?          Yes ☒ No ☐

  (2) If you answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: **State Habeas**

Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ☐  No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___1___: **State Habeas**

## 2. Juror sleeping:

(a) Supporting facts and law (State the specific facts and law that support your claim.):

Unknown juror was sleeping during the trial. Prosecutor Marsha Garst stated to the court, "Your honor I believe we need a break a juror is sleeping." **(1/27/09 TT pg. 113 at 13)** Petitioner's co-council Andrew Graves took notes during the trial and noted that a juror was sleeping, which was during the admission of evidence through investigator Brown. **(Exhibit 44 & 46)** The court did not attempt to voire dire the sleeping juror as to what he last remembered hearing or seeing before falling asleep during the criminal trial. This was a violation of petitioners 6th and 14th constitutional rights.

**Law:** A due process deprivation is violated when a trial court would have had to deliberately or negligently ignore or take no action with respect to a juror it knew to be asleep. *Virginia Cons. Article 1 Section 8*

(b) If you did not exhaust your state remedies on Ground ____**2**____, explain why: **Exhausted**

(c) **Direct Appeal of Ground ____2____**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?　　Yes ☒ No ☐

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **State Habeas**

Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___**2**___:
**State Habeas**


### 3. **Juror Kline;**

(a) Supporting facts and law (State the specific facts and law that support your claim):

This juror answered on voir dire a question imputed by the petitioner's attorney "If anyone knew someone or had been falsely accused of domestic violence." Juror Kline answered, "Yes." **(1/26/09 TT pg. 114 at 110)** Juror Kline was never rehabilitated as to whether he was answering yes, because he was falsely accused or if it was someone he knew. If this juror was falsely accused of domestic violence then he was assumed to be prejudiced against petitioner. The prosecutor repeatedly throughout the trial elicited to the jury that the petitioner was not abused by the deceased and at times tried to bring in non-proven bad acts of possible fabrication of past abuse. **(1/29/09 TT. pg. 138 at 10)** This could only have enflamed the passion of this juror and he should have been questioned further for possible removal for cause, and by not doing so violated petitioners 6th and 14th constitutional rights.

**Law:** *Scott v. Commonwealth 1 Va app 447, 451, 339 s.e. 2d 899, 901 (1986) Wright v. Commonwealth 73 Va 941, 943 (1879); Virginia Const. Article 1 Section 8*

(b) If you did not exhaust your state remedies on Ground ___**3**___, explain why: **Exhausted**

(c) **Direct Appeal of Ground ___3___:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❏ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court? Yes ☒No ❏

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **State Habeas**

Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___3___ :
**State Habeas**

4. **Juror Thompson:**

(a) Supporting facts and law (State the specific facts and law that support your claim):

This juror answered on voir dire that she was friends with Commonwealth Attorney, Chris Bean. **(1/26/09 TT. Pg. 70 at 11)**   This juror should have been questioned further as to her friendship and possible bias towards the Commonwealth's office and by not doing so violated petitioners 6th and 14th constitutional rights.

**Law:** *Scott v. Commonwealth 1 Va app 447, 451, 339 s.e. 2d 899, 901 (1986) Wright v Commonwealth 73 Va 941, 943 (1879);Virginia Const. Article 1 Section 8*

(b) If you did not exhaust your state remedies on Ground ___4___ , explain why: **Exhausted**

(c) **Direct Appeal of Ground ___4___ :**

(1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ❑ No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

**(d) Post-Conviction Remedies:**

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?    Yes ☒ No ❑

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **State Habeas**
Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
    Yes ❑ No ☒

(4) Did you appeal from the denial of your motion or petition?
    Yes ☒ No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
    Yes ☒ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**(e) Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground   **4**  :
**State Habeas**

### 5. **Jury Foreman Tucker:**

(a)Supporting facts and law (State the specific facts and law that support your claim):

This juror answered on voir dire that, "My son was abused by his father's girlfriend as far as I know I could be impartial." **(1/26/09 TT. Pg. 104 at 16)** This juror should have been questioned further to prove she was not prejudiced against petitioner and by failing to do so violated petitioners 6th and 14th constitutional rights.

**Law:** *Scott v. Commonwealth 1 Va app 447, 451, 339 s.e. 2d 899, 901 (1986); Wright v. Commonwealth 73 Va 941, 943 (1879); Virginia Const. Article 1 Section 8*

(b) If you did not exhaust your state remedies on Ground ___**5**___, explain why: **Exhausted**
(c) **Direct Appeal of Ground ___5___:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?
           Yes ❑ No ☒

      (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

      (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?         Yes ☒No ❑

      (2) If you answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: **State Habeas**

      Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

      Docket or case number (if you know): **CL-01129**

      Result (attach a copy of the court's opinion or order, if available): **(See attached)**

      (3) Did you receive a hearing on your motion or petition?
           Yes ❑   No ☒

      (4) Did you appeal from the denial of your motion or petition?
           Yes ☒   No ❑

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
           Yes ☒   No ❑

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground **5** :
**State Habeas**


## 6. Court Admonished Jury;

(a) Supporting facts and law (State the specific facts and law that support your claim):

The court admitted on <u>January 27, 2009</u> that, "I understand some of you went to the WHSV TV website to look for closings of this court." **(1/27/09 TT. Pg. 3 at 22)** The court gave permission stating, "You may listen to the radio and if you go to the local TV website, there may be a banner on it." **(1/27/09 TT. Pg. 4 at 22) (Exhibit 185 & 188)** The judge gave conflicting admonishments which could have confused them as to whether they would be allowed to seek outside information violating petitioners 6th and 14th constitutional rights.
**(1/26/09 TT. Pg. 314 at 3)**

**Law:** *Silverthorne v. US 400 f. 2d 627 (1968); Virginia Const. Article 1 Section 8*

(b) If you did not exhaust your state remedies on Ground **6** , explain why: **Exhausted**

(c) **Direct Appeal of Ground **6** :**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❑ No ☒

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

    (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?    Yes ☒ No ❑

    (2) If you answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: **State Habeas**

Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ❑  No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒  No ❑

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒  No ❑

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground __6__:
**State Habeas**

### 7. Jurors Went Home During Deliberations:

(a) Supporting facts and law (State the specific facts and law that support your claim):

On the evening of January 29, 2009 the jury was given permission to go home for the night and return in the morning to continue deliberations. **(1/29/09 TT. Pg. 271 at 3)** The jurors spoke with family members, read news articles, watched the news, and viewed stories and opinion poles online that influenced their decision before arriving back in court on January 30, 2009. Allowing the jury to separate in the middle of deliberations was prejudicial because information not presented in court was published in the media and this violated petitioners 6th and 14th constitutional rights.

**Law:** *US v. D'Antonio 342 f. 2d 667; 1965; Remmer v. US; States v. Bagnariol 665 F. 2d 818, 822 (1981); US v. Thompson 908 F. 2d 648 (1990); US v. Rugiero 20 F. 3d 1387, 1390 (1994)*

(b) If you did not exhaust your state remedies on Ground ___**7**___, explain why: **Exhausted**

(c) **Direct Appeal of Ground ___7___:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?
          Yes ☐ No ☒

      (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

      (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?       Yes ☒ No ☐

      (2) If you answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: **State Habeas**

      Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

      Docket or case number (if you know): **CL-01129**

      Result (attach a copy of the court's opinion or order, if available): **(See attached)**

      (3) Did you receive a hearing on your motion or petition?
          Yes ☐ No ☒

      (4) Did you appeal from the denial of your motion or petition?
          Yes ☒ No ☐

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
          Yes ☒ No ☐

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

      Docket or case number (if you know): **120567**

      Date of the court's decision: **November 15th, 2012**

      Result (attach a copy of the court's opinion or order, if available): **(See attached)**

      If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___7___:
**State Habeas**

8. **Tainting/Juror Wenger;**

(a) Supporting facts and law (State the specific facts and law that support your claim):

On January 26, 2009 during voir dire, prospective juror Wenger stated, "I'm going to be quite honest with you, when I read the paper I pretty much assumed she was guilty and I know she is going down the road for life." **(1/26/09 TT. Pg. 107 at 16)** Allowing this juror to voice her opinion on the remaining jurors violated petitioners 6th and 14th constitutional rights.
**Law:** *US v. Colabella 448 f. 2d 1299; 1971; Virginia Cons. Article 1 Section 8*
"A tribunal which has prejudged a case and has made a predisposition cannot be said within the meaning of the constitutional guarantees to be a fair and impartial tribunal. I every criminal case we must endeavor to see that jurors do not consider specific facts about the defendant on trial."

(b) If you did not exhaust your state remedies on Ground ___8___, explain why: **Exhausted**

(c) **Direct Appeal of Ground ___8___:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❑ No ☒

    (2) If you did *not* raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

    (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?        Yes ☒ No ❑

    (2) If you answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: **State Habeas**

    Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

    Docket or case number (if you know): **CL-01129**

    Result (attach a copy of the court's opinion or order, if available): **(See attached)**

    (3) Did you receive a hearing on your motion or petition?
        Yes ❑ No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**
If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___ **8** ___:
**State Habeas**

### 9. Tainting/Juror Falls;

(a) Supporting facts and law (State the specific facts and law that support your claim):

On January 26, 2009 during voir dire prospective juror Falls stated, "We all found her guilty at work." **(1/26/09 TT. Pg. 109 at 1)**   The jury should have been impaneled in smaller groups rather than allowing over 100 people seated from the panel to be present during the entire voir dire. These statements prejudiced the entire panel and affected the petitioner's right to a fair trial by an impartial jury, violating her 6th and 14th constitutional rights. Questions of potential tainting can be imposed on jurors to determine bias.

**Law:** *US v. Colabella 448 f. 2d 1299; 1971; Virginia Cons. Article 1 Section 8*

(b) If you did not exhaust your state remedies on Ground ___ **9** ___, explain why: **Exhausted**

(c) **Direct Appeal of Ground ___ 9 ___:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

**(d) Post-Conviction Remedies:**

    (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?     Yes ☒ No ☐

    (2) If you answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: **State Habeas**

    Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

    Docket or case number (if you know): **CL-01129**

    Result (attach a copy of the court's opinion or order, if available): **(See attached)**

    (3) Did you receive a hearing on your motion or petition?
    Yes ☐ No ☒

    (4) Did you appeal from the denial of your motion or petition?
    Yes ☒ No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
    Yes ☒ No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

    Docket or case number (if you know): **120567**

    Date of the court's decision: **November 15th, 2012**

    Result (attach a copy of the court's opinion or order, if available): **(See attached)**

    If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground    **9**   :
**State Habeas**

## 10. <u>Inconsistent Verdict; (A)</u>

(a)Supporting facts and law (State the specific facts and law that support your claim):

On <u>January 29, 2009</u> the jury indicated that they would move forward with deliberations, **(1/29/09 TT. Pg. 236 at 2)** at 4:30 pm and voted guilty on indictment #39920. During deliberations the jury foreman asked if they (the jury) could review transcripts of what was said at trial. **(1/29/09 TT. Pg. 271 at 3)** At 7:30 pm the jury stated that they were tired and wanted to come back in the morning to continue deliberations. It is obvious from the request to review the trial transcripts they (the jury) needed to resolve an important issue, possibly an element of the charge to finding of guilt beyond a reasonable doubt. Marsha Garst, prosecutor objected to them going home and petitioner's attorney never weighed in. The court addressed the issue by asking the jury their thoughts. He stated, "It is my understanding you feel you cannot go on and that a night of rest would make it easier?" The use of a supplemental jury instruction directing the jury to return to deliberations and attempt to reach a verdict should have been given rather than sending them home. The jury returned on <u>January 30, 2009</u> and began deliberations again at 9:00 am. They returned a verdict later that day of guilty in the 1st degree on indictment #39919. Jurors should not be allowed to go home in the middle of deliberations as it would seem almost impossible that they would not be tempted to speak with or review media accounts of the trial in order to be assisted in making their decision. An unauthorized contact was more than likely made and it was of such a character as to reasonably draw into question the integrity of the verdict, thereby violating petitioners 6th and 14th constitutional rights.

**Law:** "Private communications, possible prejudicial, between jurors and third persons or witnesses, of the officer in charge, are absolutely forbidden, and invalidate the verdict, at least unless their harmlessness is made to appear." *US v. Herring 568 F. 2d 1099, 1102 (1978); Virginia Const. Article 1 Section 8*

(b) If you did not exhaust your state remedies on Ground _____**10**_____, explain why: **Exhausted**

(c) **Direct Appeal of Ground _____10_____:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?
            Yes ❑ No ☒

      (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

      (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?       Yes ☒ No ❑

      (2) If you answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: **State Habeas**

Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___**10**___:
**State Habeas**


## 11.  Inconsistent Verdict; (B)

(a) Supporting facts and law (State the specific facts and law that support your claim):

On January 30, 2009 the judge brought the attorneys to the bench and announced the verdict. It is believed by petitioner that the judge stated it seems that the jury found Ms. Hockman guilty of 2nd degree murder then marked it out and found her guilty of 1st degree murder. **(Exhibit 164)** Had this been the case, it is proven that the jury was in serious doubt of which offense to find the petitioner guilty. As stated in the above Inconsistent Verdict #1 that the jury being allowed to go home in the middle of deliberations could have played a significant part in the determination on which level of homicide was committed and proved beyond a reasonable doubt which violated petitioners 6th and 14th constitutional rights.

(b) If you did not exhaust your state remedies on Ground ____11____, explain why: **Exhausted**

(c) **Direct Appeal of Ground _____11____:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **State Habeas**

Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ____**11**____:
**State Habeas**

# JUDGE ERRORS

### 12. Failing to Grant a Continuance;

(a) Supporting facts and law (State the specific facts and law that support your claim):

On several dates before trial, petitioner's attorney petitioned the court for a continuance based on not being prepared and that he was still awaiting analysis to come in. **(1/08/09 TT. Pg. 13 at 1)** **(1/08/09 TT. Pg. 13 at 24)** It is further noted that the trial judge stated that the petitioners attorney had received an investigator in October 2008. **(Exhibit 157)** The investigator did not start working for petitioner till a minimum of 2 weeks before trial, failing to follow up on crucial information and evidence provided by the petitioner to her attorney. **(Exhibit E, 55, 56, 62, 63, 33, & 37)** At petitioners sentencing on March 17, 2009 Bruce Albertson stated how not receiving a continuance prejudiced petitioner. "And while I certainly feel we did a competent job I can't ever say that I wish that I feel we did an excellent job in this case." **(3/17/09 ST. pg. 8 at 23)** The trial judge abused his discretion in not allowing a continuance, violating petitioners' right to due process. Petitioner's attorney was not attempting to delay trial but to provide the effective assistance of counsel due to petitioner under her 6th amendment right. The Court of Appeals and Virginia Supreme Court also abused its discretion when it denied petitioners appeal on this ground, also violating the 6th and 14th constitutional rights. **(Exhibit 80 & 157)**

*Law: Mills v. Mills 348 S.E. 2d 250, 232 Va 94 (1986) ;Jones v. Cunningham 313 2d 347 (1963) Nerison v. Solem 715 f. 2d 415 1983; Gilchrist v. Commonwealth 227 Va 540; 317 S.e. 2d 784(1984) ; Lomax v. Commonwealth 228 Va 168; 319 S.e. 2d (1984)*

(b) If you did not exhaust your state remedies on Ground ____**12**____, explain why: **Exhausted**

(c) **Direct Appeal of Ground** ____**12**____:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❑ No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?       Yes ☒ No ☐

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **State Habeas**

Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground   **12**  : **State Habeas**


13. **Failing to Grant a Mistrial;**

(a)Supporting facts and law (State the specific facts and law that support your claim):

On January 29, 2009 petitioners' attorney asked for a mistrial in regards to the remarks made by the prosecuting attorney in earshot of the jury, "I speak the truth." **(1/29/09 TT. Pg. 133 at 12)** The trial court erred in permitting the prosecution to give her opinion and turn it into facts

without unsupported evidence in the case and was highly prejudicial and may have affected the jury, violating petitioners 6th and 14th constitutional rights.

**Law:** "A new trial shall be granted where the court refused to properly check improper remarks or argument of counsel, or to properly instruct the jury where the statements were to improperly influence the jury."

(b) If you did not exhaust your state remedies on Ground _____**13**_____, explain why: **Exhausted**

(c) **Direct Appeal of Ground _____13_____:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?
          Yes ☐ No ☒

      (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

      (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?       Yes ☒ No ☐

      (2) If you answer to Question (d)(1) is "Yes," state:
      Type of motion or petition: **State Habeas**

      Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

      Docket or case number (if you know): **CL-01129**

      Result (attach a copy of the court's opinion or order, if available): **(See attached)**

      (3) Did you receive a hearing on your motion or petition?
          Yes ☐ No ☒

      (4) Did you appeal from the denial of your motion or petition?
          Yes ☒ No ☐

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
          Yes ☒ No ☐

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

      Docket or case number (if you know): **120567**

      Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___**13**___:
**State Habeas**

## 14 . Failure to Order Exclusion of Myspace Hearsay:

(a) Supporting facts and law (State the specific facts and law that support your claim):

Days before the trial the judge signed a document stating that the petitioners MYSPACE page could not be introduced to the jury without the testimony of the custodian of records and that it would constitute as hearsay which is impermissible in the state of Virginia. **(Exhibit 9)** Allowing the prosecutor to introduce this evidence **(1/27/09 TT. Pg. 5 at 18) (Exhibit 185 & 188)** through a non-custodian of records and a large scale exhibit with the title "MANHATER" redacted, despite it being publicized throughout the media, was highly prejudicial and could have enflamed the passions of the jury and was clearly inadmissible hearsay. **(Exhibit 144)** The jury had already admitted, as the judge noted to the court of seeing information the second day of trial **(1/27/09 TT. Pg. 3 at 22)** which could very well have been the MYSPACE header, "MANHATER" which was redacted on the large scale exhibit. The admission of this evidence was highly prejudicial in allowing the jury to believe that petitioner "updated" her MYSPACE page two days prior to the shooting as the prosecutor argued to the jury, rather than "logged" into, and that the header was in fact "MANHATER." Had the custodian of records been at the trial he could have clarified the difference between the two. **(Exhibit 13)** Allowing the testimony of a non-custodian to stand was impermissible and an abuse of discretion to allow in, violating petitioners 6th and 14th constitutional rights. **(Exhibit 158 & 165)**

(b) If you did not exhaust your state remedies on Ground ___**14**___, explain why: **Exhausted**

(c) **Direct Appeal of Ground ___14___:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❑ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?          Yes ☒ No ❑

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **State Habeas**

Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**
Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___14___: **State Habeas**

15. **Failure to Allow Text Message into Evidence:**

(a)Supporting facts and law (State the specific facts and law that support your claim):

The prosecutor stated that allowing Brandon Harter to testify to the text message that was sent to him by the deceased was hearsay. **(1/29/09 TT. Pg. 62 at 9)** Petitioner had a right to show through cross-examination that the deceased was a man of violence. Harter should have been allowed to state the reason he broke contact off with petitioner. A text message sent to Harter by the deceased stating, "I know where you sleep motherfucker", should have been allowed to be presented to the jury through Harter's testimony. **(Exhibit 79)** This text was sent by the deceased after deceased found out that petitioner was on the phone with Harter (her best friend) expressing

to him about the abuse she was enduring by the deceased. The deceased overheard petitioner telling Harter and became angry. It was relevant to the crimes charged because it occurred during the relationship of all three parties and it shows the character and turbulence for violence by the deceased. The trial judges ruling prevented the defense from proving the basis of Harter's fear of the victim. By excluding evidence against third parties as irrelevant, the trial court essentially ruled that the acts of violence against third parties were inadmissible to show Harter's apprehension of the deceased and his belief that the deceased posed an immediate threat to him. This text message was not to prove the truth of the matter asserted but to prove it was in fact made and its effects on the listener, therefore it was not hearsay. By not allowing this in as part of the petitioners defense, violated her 6th and 14th constitutional rights.

**Law:** *US v. Norquay 987 f. 2d 475 (1993)*

(b) If you did not exhaust your state remedies on Ground _____**15**_____, explain why: **Exhausted**

(c) **Direct Appeal of Ground** _____**15**_____:

      (1) If you appealed from the judgment of conviction, did you raise this issue?
          Yes ☐ No ☒

      (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

      (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?        Yes ☒ No ☐

      (2) If you answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: **State Habeas**

      Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

      Docket or case number (if you know): **CL-01129**

      Result (attach a copy of the court's opinion or order, if available): **(See attached)**

      (3) Did you receive a hearing on your motion or petition?
          Yes ☐ No ☒

      (4) Did you appeal from the denial of your motion or petition?
          Yes ☒ No ☐

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
          Yes ☒ No ☐

      (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___**15**___: **State Habeas**

## 16. Prejudicial Testimony, Deputy Hensley;

(a) Supporting facts and law (State the specific facts and law that support your claim):

The court allowed testimony by prosecution witness deputy Hensley in and she stated that the petitioner refused to consent to a search of her home and this admission was prejudicial making it error for the trial court to allow this into the trial violating petitioners 6th and 14th constitutional rights. **(Exhibit 82)**

(b) If you did not exhaust your state remedies on Ground ___**16**___, explain why: **Exhausted**

(c) **Direct Appeal of Ground** ___**16**___:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ☐

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **State Habeas**

Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**
Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground _____16_____:
**State Habeas**


## 17. Prejudicial Testimony, Statement made to Kristoffer George:

(a) Supporting facts and law (State the specific facts and law that support your claim):

On July 25, 2008 petitioner made a statement to her son, Kristoffer George, at her home in the presence of Deputy Hensley. Investigator Spitler asked George if he wanted to talk about what happened. Petitioner stated, "Kristoffer don't say anything without an attorney." **(1/26/09 TT. Pg. 227 at 6)** Allowing the prosecutor to bring out what the petitioner stated to her son who had just turned 18 could only have lent credibility to the prosecutor's argument that the petitioner was attempting to control her son, and thereby prejudiced the petitioner and the judge abused his discretion in allowing this testimony into the trial violating petitioners 6th and 14th amendment constitutional rights. **(Exhibit 82)**

(b) If you did not exhaust your state remedies on Ground _____17_____, explain why: **Exhausted**

(c) **Direct Appeal of Ground _____17_____:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **<u>My court appointed attorney filed my direct appeal and did not raise this issue on appeal.</u>**

(d) **Post-Conviction Remedies:**

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?   Yes ☒ No ☐

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **<u>State Habeas</u>**

Name and location of the court where the motion or petition was filed: **<u>Rockingham County Circuit Court, Harrisonburg, Virginia</u>**

Docket or case number (if you know): **<u>CL-01129</u>**
Result (attach a copy of the court's opinion or order, if available): **<u>(See attached)</u>**

(3) Did you receive a hearing on your motion or petition?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **<u>Virginia Supreme Court, Richmond, Virginia</u>**

Docket or case number (if you know): **<u>120567</u>**

Date of the court's decision: **<u>November 15th, 2012</u>**

Result (attach a copy of the court's opinion or order, if available): **<u>(See attached)</u>**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground __**17**__:
**<u>State Habeas</u>**

## 18. Prejudicial Testimony,Cross Examination of Petitioner;

(a)Supporting facts and law (State the specific facts and law that support your claim):

The prosecutor was relentless in questioning petitioner whether the 5 days leading up to the shooting were important when relaying the text and cell call records to the jury. The judge abused his discretion by sustaining the objection and forcing petitioner to state that, "Yes the 5 days before the shooting are important but that she did not plan any of this. The prosecutor hung on the words spoken by petitioner by stating, "She answered it judge, you heard her." This prejudiced petitioner by imputing to the jury that she admitted those 5 days leading to the shooting were important and possibly eluding that the petitioner did in fact pre-meditate despite her denial of planning any of it. The jury could have taken the petitioners testimony of those days leading up to the shooting as an unequivocal admission of guilt. **(1/29/09 TT. Pg. 102 at 12)** The judge abused his discretion overruling the objection made to petitioners attorney and by allowing the statement by the prosecutor to linger in the air without any caution could have led the jury to believe that the judge was in agreement with the prosecutor. The jury could have believed that since the petitioner responded in the affirmative to the prosecutors relentless questioning that the burden of proving her innocence was on her, rather than the prosecutor carrying the burden, thereby prejudicing the petitioner violating her 6th and 14th constitutional rights.

(b) If you did not exhaust your state remedies on Ground _____**18**_____, explain why: **Exhausted**

(c) **Direct Appeal of Ground** _____**18**_____:

> (1) If you appealed from the judgment of conviction, did you raise this issue?
> Yes ☐ No ☒

> (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

> (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?     Yes ☒No ☐

> (2) If you answer to Question (d)(1) is "Yes," state:

> Type of motion or petition: **State Habeas**

> Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

> Docket or case number (if you know): **CL-01129**

> Result (attach a copy of the court's opinion or order, if available): **(See attached)**

> (3) Did you receive a hearing on your motion or petition?
> Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground _____**18**_____ :
**State Habeas**


### 19. **Prejudicial Testimony, Christian Harris;**

(a) Supporting facts and law (State the specific facts and law that support your claim):

This witness stated the reason she waited so long to come forward with information about the petitioner that was allegedly told to her, was that she really got to see the type of awful person the petitioner was. **(1/28/09 TT. Pg. 217 at 1)** The judge abused his discretion by allowing in this statement despite an objection by petitioners attorney. This comment was used as an attempt to bring in character evidence through the back door prejudicing the petitioner to the jury violating her 6th and 14th constitutional rights.

(b) If you did not exhaust your state remedies on Ground _____**19**_____, explain why: **Exhausted**

(c) **Direct Appeal of Ground** _____**19**_____ :

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

**(d) Post-Conviction Remedies:**

    (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?       Yes ☒ No ❑

    (2) If you answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: **State Habeas**

    Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

    Docket or case number (if you know): **CL-01129**

    Result (attach a copy of the court's opinion or order, if available): **(See attached)**

    (3) Did you receive a hearing on your motion or petition?
    Yes ❑  No ☒

    (4) Did you appeal from the denial of your motion or petition?
    Yes ☒  No ❑

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
    Yes ☒  No ❑

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

    Docket or case number (if you know): **120567**

    Date of the court's decision: **November 15th, 2012**

    Result (attach a copy of the court's opinion or order, if available): **(See attached)**

    If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**(e) Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground **  19  ** :
**State Habeas**

## 20.  Prejudicial Testimony, Cindy Brill;

(a) Supporting facts and law (State the specific facts and law that support your claim):

Cindy Brill testified that she had a nickname for the petitioner, "Drama Donna" or "Double D". **(1/29/09 TT. Pg. 175 at 13)** The judge allowing this testimony to stand was highly prejudicial. This may have allowed the jury to believe that the petitioner was accustom to making things up or exaggerating issues such as the abuse she testified to perpetrated by the deceased and the testimony of the deceased being a confidential informant and her fear of him. This went against the weight of the petitioners credibility, again through the attempted use of character evidence not allowed unless the petitioner opened the door first. It was asked of the petitioner through cross-examination if she recalled a name that Brill used for her. Petitioner stated, "No she knew of no nickname." The judge abused his discretion in allowing the testimony of Brill to stand violating petitioners 6th and 14th constitutional rights.

(b) If you did not exhaust your state remedies on Ground _____**20**_____, explain why: **Exhausted**

(c) **Direct Appeal of Ground _____20_____:**

> (1) If you appealed from the judgment of conviction, did you raise this issue?
> Yes ❑ No ☒

> (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

> (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?　　　Yes ☒No ❑

> (2) If you answer to Question (d)(1) is "Yes," state:

> Type of motion or petition: **State Habeas**

> Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

> Docket or case number (if you know): **CL-01129**

> Result (attach a copy of the court's opinion or order, if available): **(See attached)**

> (3) Did you receive a hearing on your motion or petition?
> Yes ❑　No ☒

> (4) Did you appeal from the denial of your motion or petition?
> Yes ☒　No ❑

> (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
> Yes ☒　No ❑

---

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___**20**___: **State Habeas**

### 21. **Prejudicial Testimony, Kevin Shifflett;**

(a) Supporting facts and law (State the specific facts and law that support your claim):

This witness was allowed to recite into the record what his recollection of calls made between the petitioner and John Metzler were rather than allowing the jury to decide what weight to give it on the best evidence, which prejudiced the petitioner by allowing the jury to believe the words of Shifflett, therefore abusing his discretion and violating petitioners 6th and 14th constitutional rights. **(1/27/09 TT. Pg. 65 at 16)**

(b) If you did not exhaust your state remedies on Ground ___**21**___, explain why: **Exhausted**

(c) **Direct Appeal of Ground** ___**21**___:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❑ No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?         Yes ☒ No ❑

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **State Habeas**

Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ____**21**____:
**State Habeas**


### 22. **Prejudicial, Motion in Limine;**

(a) Supporting facts and law (State the specific facts and law that support your claim):

The judge made a decision on a motion in limine days before trial and had ruled that he would not allow any witnesses to be in the court room till after they testified in the Commonwealth's case in chief or be a rebuttal witness. **(Exhibit 152)** On the first day of trial he changed his ruling to allow the deceased's mother, Vicki Stanley to be allowed in the courtroom after she testified as the first witness. **(1/26/09 TT. Pg. 131 at 1)** Then she later became a rebuttal witness to the petitioners testimony. The judge abused his discretion by changing his ruling prejudicing the petitioner because the deceased's mother, sat in the courtroom and was able to mold her testimony to contradict the petitioner in attempt to show the jury that petitioner was lying about the events surrounding the incident involving the deceased, violating petitioners 6th and 14th constitutional rights. **(1/29/09 TT. Pg. 23 at 7)**

(b) If you did not exhaust your state remedies on Ground _____**22**_____, explain why: **Exhausted**

(c) **Direct Appeal of Ground _____22_____:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?
          Yes ☐ No ☒

      (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

      (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?      Yes ☒ No ☐

      (2) If you answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: **State Habeas**

      Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

      Docket or case number (if you know): **CL-01129**

      Result (attach a copy of the court's opinion or order, if available): **(See attached)**

      (3) Did you receive a hearing on your motion or petition?
          Yes ☐  No ☒

      (4) Did you appeal from the denial of your motion or petition?
          Yes ☒  No ☐

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
          Yes ☒  No ☐

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

      Docket or case number (if you know): **120567**

      Date of the court's decision: **November 15th, 2012**

      Result (attach a copy of the court's opinion or order, if available): **(See attached)**

      If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground **_22_** :
**State Habeas**


### 23. Allowing Death Threat Testimony;

(a)Supporting facts and law (State the specific facts and law that support your claim):

On January 29, 2008 the judge allowed Melissa Loker and other jail inmates to testify that the petitioner threatened to harm their families, children and dogs if they testified against her. **(1/28/09 TT. Pg. 168 at 1), (1/28/09 TT. Pg. 208 at 17)** The judge abused his discretion overruling an objection made by petitioners attorney allowing this testimony in. It was used to instill fear into the members of the jury and infer that their decision should be based on future dangerousness, violating petitioners 6th and 14th constitutional rights.

**Law:** "The admission of hearsay evidence to which an entirely satisfactory objection has not been made may require reversal of a criminal conviction if the admission of such evidence constitutes plain error affecting substantial rights of the defendant. Severe prejudice can result from the use of death threat testimony and, accordingly, the appeals court has carefully limited that use to situations where there was a clear need for the prosecution to use such evidence."
*US v. Sandy Check 582 F. 2d 668 (1978)*

(b) If you did not exhaust your state remedies on Ground **_23_**, explain why: **Exhausted**

(c) **Direct Appeal of Ground** **_23_** :

      (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❑ No ☒

      (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

      (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?       Yes ☒ No ❑

      (2) If you answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: **State Habeas**

      Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

      Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ❏  No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒  No ❏

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒  No ❏

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**
Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___**23**___:
**State Habeas**


## 24. Objections, Petitioner being attacked on June 7, 2008;

(a) Supporting facts and law (State the specific facts and law that support your claim):

During petitioners' testimony about why she was attacked by the deceased on June 7, 2008, petitioner started to speak and explain why the attack happened and the prosecutor cut petitioner off stating it was hearsay. **(1/29/09 TT. Pg. 27 at 13)** The judge abused his discretion by sustaining her objection and not allowing this testimony in was prejudicial as the jury had the duty of weighing the facts, and preventing the facts from surfacing prejudiced petitioner, violating her 6th and 14th constitutional rights.

(b) If you did not exhaust your state remedies on Ground ___**24**___, explain why: **Exhausted**

(c) **Direct Appeal of Ground ___24___:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❏  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

    (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?        Yes ☒ No ❑

    (2) If you answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: **State Habeas**

    Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

    Docket or case number (if you know): **CL-01129**

    Result (attach a copy of the court's opinion or order, if available): **(See attached)**

    (3) Did you receive a hearing on your motion or petition?
    Yes ❑  No ☒

    (4) Did you appeal from the denial of your motion or petition?
    Yes ☒  No ❑

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
    Yes ☒  No ❑

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

    Docket or case number (if you know): **120567**

    Date of the court's decision: **November 15th, 2012**

    Result (attach a copy of the court's opinion or order, if available): **(See attached)**

    If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground   **24**  :
**State Habeas**

## 25. **Objection, Pawnshop Clark;**

(a) Supporting facts and law (State the specific facts and law that support your claim):

During petitioners testimony about speaking with the pawnshop clerk earlier on the day of July 25, 2008 she was cut off by the prosecutor stating it was hearsay. **(1/29/09 TT. Pg. 50 at 2)** The petitioner had a right to show her state of mind when she spoke with the clerk about hollow point bullets as he was the one who educated the petitioner on what hollow points would do and why they were what she needed for home protection. This information was not to prove the truth but to prove it was in fact made, therefore it was not hearsay. The judge abused his discretion by sustaining her objection and not allowing this testimony in was prejudicial to petitioner as the jury has the duty of weighing the facts, and preventing the facts from surfacing took away their duty violating petitioners 6th and 14th constitutional rights.

**Law:** *US v. Norquay 987 F. 2d 475 (1993)*

(b) If you did not exhaust your state remedies on Ground _____**25**_____, explain why: **Exhausted**

(c) **Direct Appeal of Ground** _____**25**_____:
  (1) If you appealed from the judgment of conviction, did you raise this issue?
     Yes ❑ No ☒

  (2) If you did not raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

  (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?          Yes ☒ No ❑

  (2) If you answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: **State Habeas**

  Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

  Docket or case number (if you know): **CL-01129**

  Result (attach a copy of the court's opinion or order, if available): **(See attached)**

  (3) Did you receive a hearing on your motion or petition?
     Yes ❑ No ☒

  (4) Did you appeal from the denial of your motion or petition?
     Yes ☒ No ❑

  (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
     Yes ☒ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ____**25**____:
**State Habeas**

## 26. **Objection, Adoption over 20 years ago;**

(a) Supporting facts and law (State the specific facts and law that support your claim):

During cross-examination of petitioner the prosecutor asked if she had once given a child up for adoption almost 20 years ago. Petitioner's attorney objected on relevancy. **(1/29/09 TT. Pg. 76 at 19)** The judge abused his discretion by allowing the objection to be overruled and for not chastising the prosecutor for attempting to bring in through the back door, non-relevant character evidence. The petitioner's testimony could only have brought emotional and questionable inflammatory prejudicial testimony to bear on the jury's minds. This was involving the passions of the mothers on the jury, just as in a case where a question of abortion may come into play violating petitioners 6th and 14th constitutional rights.

(b) If you did not exhaust your state remedies on Ground ____**26**____, explain why: **Exhausted**

(c) **Direct Appeal of Ground** ____**26**____:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❑ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court? Yes ☒ No ❑

(2) If you answer to Question (d)(1) is "Yes," state:

---

Type of motion or petition: **State Habeas**

Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ☐  No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground **26    :**
**State Habeas**


### 27. Objection, GPS device;

(a)Supporting facts and law (State the specific facts and law that support your claim):

During trial the prosecutor brought in the GPS device that was retrieved from the petitioners son without a search warrant. **(1/29/09 TT. Pg. 82 at 7)** Petitioners attorney objected and the judge abused his discretion by overruling. Allowing the GPS tracking device to be entered in as evidence without any ties to the petitioner, including what data the GPS tracking device contained, was highly prejudicial violating petitioners 6th and 14th constitution rights.

(b) If you did not exhaust your state remedies on Ground **27**, explain why: **Exhausted**

(c) **Direct Appeal of Ground** ___27___:

      (1) If you appealed from the judgment of conviction, did you raise this issue?
          Yes ❑ No ☒

      (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

      (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?      Yes ☒ No ❑

      (2) If you answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: **State Habeas**

      Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

      Docket or case number (if you know): **CL-01129**

      Result (attach a copy of the court's opinion or order, if available): **(See attached)**

      (3) Did you receive a hearing on your motion or petition?
          Yes ❑ No ☒

      (4) Did you appeal from the denial of your motion or petition?
          Yes ☒ No ❑

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
          Yes ☒ No ❑

      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

      Docket or case number (if you know): **120567**

      Date of the court's decision: **November 15th, 2012**

      Result (attach a copy of the court's opinion or order, if available): **(See attached)**

      If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___27___:
**State Habeas**

## 28. Objection, Prescription Drug:

(a)Supporting facts and law (State the specific facts and law that support your claim):

During the cross examination of petitioner the prosecutor sought hard to introduce that petitioner was taking Hydrocodone, and elicited that the petitioner took it while she drank alcohol. **(1/29/09 TT. Pg. 84 at 16)** The judge abused his discretion in allowing this testimony in after objection by petitioners attorney because it was never shown that petitioner was taking one 2.5 mg tablet per day, nor that this was taken for a severely broken ankle, requiring surgery and was prescribed by a doctor, violating petitioners 6th and 14th constitution rights. The jury should have been informed by an expert what that dosage would equate to when state of mind of petitioner is in question. That low of a dosage is not habit forming nor is it in a class of altering the mind, and is nothing more than a glorified Tylenol.

(b) If you did not exhaust your state remedies on Ground ____**28**____, explain why: **Exhausted**

(c) **Direct Appeal of Ground** ____**28**____:

      (1) If you appealed from the judgment of conviction, did you raise this issue?
          Yes ❑ No ☒

      (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

      (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?        Yes ☒No ❑

      (2) If you answer to Question (d)(1) is "Yes," state:

      Type of motion or petition: **State Habeas**

      Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

      Docket or case number (if you know): **CL-01129**

      Result (attach a copy of the court's opinion or order, if available): **(See attached)**

      (3) Did you receive a hearing on your motion or petition?
          Yes ❑ No ☒

      (4) Did you appeal from the denial of your motion or petition?
          Yes ☒ No ❑

      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
          Yes ☒ No ❑

      (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___**28**___ : **State Habeas**


### 29. **Plain Error, Pawn Shop Clerk;**

(a) Supporting facts and law (State the specific facts and law that support your claim):

When petitioner attempted to testify about how she came about knowing information on hollow point bullets and why she was talking to the clerk at the Rockingham County Coop about them, she was cut off by the prosecutor, stating it was hearsay. The judge stated, "We already heard from this witness." **(1/29/09 TT. Pg. 51 at 8)** The pawn shop witness was never subpoenaed by the petitioners attorney. By the judge stating, "We already heard from this witness," alerted the jury to presume they must have missed this testimony. Then when the judge told the petitioners attorney, "You can just call this witness," after being corrected by the prosecutor and petitioners attorney stating that the pawn shop witness did not testify, again alerting the jury as to wonder why they never heard from this witness. This was an abuse of discretion by the judge and was highly prejudicial to the petitioner violating petitioners 6th and 14th constitution rights.

**Law:** *US v. Norquay 987 F. 2d 475 (1993)*

(b) If you did not exhaust your state remedies on Ground ___**29**___ , explain why: **Exhausted**

(c) **Direct Appeal of Ground** ___**29**___ :

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❑ No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?        Yes ☒ No ❑

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **State Habeas**

Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground ___**29**___ : **State Habeas**


30. **Plain Error, Investigator Shifflett;**

(a)Supporting facts and law (State the specific facts and law that support your claim):

When Investigator Shifflett was testifying to his recollection of the calls made between John Metzler and the petitioner, the judge, on an overruled objection by the petitioners attorney as being hearsay stated, "I have not heard this recording myself." **(1/27/09 TT. Pg. 67 at 2)** The jury could have taken this to mean that the recording was not played and a true account of the calls was from Investigator Shiffletts recollection testimony. The judge was not paying attention and it is presumed that the jury was not paying attention either. Therefore, the judge abused his

discretion and created a doubt of the strength of the evidence that was presented to the jury, violating petitioners 6th and 14th constitution rights.

(b) If you did not exhaust your state remedies on Ground _____**30**_____, explain why: **Exhausted**

(c) **Direct Appeal of Ground _____30_____:**

>   (1) If you appealed from the judgment of conviction, did you raise this issue?
>       Yes ❑ No ☒
>   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

>   (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?         Yes ☒No ❑

>   (2) If you answer to Question (d)(1) is "Yes," state:

>   Type of motion or petition: **State Habeas**

>   Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

>   Docket or case number (if you know): **CL-01129**

>   Result (attach a copy of the court's opinion or order, if available): **(See attached)**

>   (3) Did you receive a hearing on your motion or petition?
>       Yes ❑   No ☒

>   (4) Did you appeal from the denial of your motion or petition?
>       Yes ☒   No ❑

>   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
>       Yes ☒   No ❑

>   (6) If your answer to Question (d)(4) is "Yes," state:

>   Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

>   Docket or case number (if you know): **120567**

>   Date of the court's decision: **November 15th, 2012**

>   Result (attach a copy of the court's opinion or order, if available): **(See attached)**

>   If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground __30__:
**State Habeas**


### 31. Plain Error, Jury Sequestered;

(a)Supporting facts and law (State the specific facts and law that support your claim):

The judge was well aware of the negative and one sided publicity the petitioner was receiving. **(Exhibit 185 & 188)** Petitioners attorney stated to the judge on January 27, 2009 "That he knows the judge cannot control the publicity, **(1/27/09 TT. Pg. 5 at 18)** it was plastered all over the front page that my clients MYSPACE account was titled MANHATER." **(Exhibit 144 & 188)** The judge should have ordered the jury to be sequestered considering the effect of all the negative, unproven media accounts of what transpired on July 25, 2008. The trial judge failed to protect petitioner sufficiently from massive, pervasive and prejudicial publicity. The judge should have made some effort to control the release of prejudicial matters to the press, especially those that were decided at the bench as being prejudicial for the jury to hear but were reported by the media, and by not doing so violating petitioners 6th and 14th constitution rights.

**Law:** "Although there is nothing that proscribes the press from reporting events that transpire in the courtroom, nevertheless where there is a reasonable likelihood that prejudicial news prior to trial will prevent a fair trial, a state judge should continue the case until the threat abates, or transfer it to another county not so permeated with publicity." Furthermore, sequestration of the jury is something which the trial judge should raise sua sponte with counsel where there is a reasonable likelihood that prejudicial publicity will prevent a fair trial.

(b) If you did not exhaust your state remedies on Ground __31__, explain why: **Exhausted**

(c) **Direct Appeal of Ground __31__:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ❑ No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

    (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?      Yes ☒ No ❑

    (2) If you answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: **State Habeas**

Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

Docket or case number (if you know): **CL-01129**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

(3) Did you receive a hearing on your motion or petition?
Yes ☐ No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

Docket or case number (if you know): **120567**

Date of the court's decision: **November 15th, 2012**

Result (attach a copy of the court's opinion or order, if available): **(See attached)**

If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground __31__:
**State Habeas**


### 32. Plain Error, Conflicting Admonishments:

(a)Supporting facts and law (State the specific facts and law that support your claim):

Throughout the course of the trial, the judge would admonish the jury before going home not to read papers, watch the news, or listen to the radio. Then in the next sentence he would encourage them to go online to the WHSV website and other media outlets to look for weather related court cancellations rather than just stating that the bailiff would call each of them and let them know if court would be cancelled. **(1/26/09 TT. Pg. 121 at 25) (1/29/09 TT Pg. 218 at 6)** These conflicting admonishments prejudiced the petitioner. There was no voir dire conducted on each juror daily to find out exactly what they viewed violating petitioners 6th and 14th constitution rights.

**Law:** "A decision as to guilt or innocence will be based solely upon the evidence produced at trial in open court."

(b) If you did not exhaust your state remedies on Ground _____**32**_____, explain why: **Exhausted**

(c) **Direct Appeal of Ground** _____**32**_____:

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐ No ☒

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: **My court appointed attorney filed my direct appeal and did not raise this issue on appeal.**

(d) **Post-Conviction Remedies:**

    (1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?        Yes ☒ No ☐

    (2) If you answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: **State Habeas**

    Name and location of the court where the motion or petition was filed: **Rockingham County Circuit Court, Harrisonburg, Virginia**

    Docket or case number (if you know): **CL-01129**

    Result (attach a copy of the court's opinion or order, if available): **(See attached)**

    (3) Did you receive a hearing on your motion or petition?
        Yes ☐ No ☒

    (4) Did you appeal from the denial of your motion or petition?
        Yes ☒ No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
        Yes ☒ No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: **Virginia Supreme Court, Richmond, Virginia**

    Docket or case number (if you know): **120567**

    Date of the court's decision: **November 15th, 2012**

    Result (attach a copy of the court's opinion or order, if available): **(See attached)**

    If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: